Hawkins, J.,
delivered the opinion of the Court.
This suit was commenced in the Circuit Court of Putnam County, on the 14th of December, 1865. The declaration alleges that the plaintiff in error had traded or swapped, to the defendant in error, a certain mule as his own property, when, in fact, it was not his, but belonged to the Gfovernment of the United States, and was lost to the defendant in error. To this declaration the defendant filed five pleas; and the cause was submitted to a jury upon the issues joined, at the April Term, 1866, of said Circuit Court, who rendered a verdict in favor of the plaintiff — upon which the Court proceeded to pronounce judgment. The defendant moved for a new trial, which was overruled, and he has appealed to this Court. The only error insisted on in argument here, is, that incompetent testimony was admitted upon the trial of the cause in the Circuit Court.
The facts of the case, so far as it is necessary to state them as they appear from this record, are in substance, as follows: Sometime about the month of October, 1864, Keykendall swapped or exchanged the mule, which is the subject matter of this controversy to Creen, for a mare. The mule, at that time, had some marks upon its shoulder which looked like the letter “W,” and appearances indicated that *465 the mule had been branded, and subsequently an attempt had been made to deface the brand. Some time afterwards, and during the Fall of 1864, Green sold said mule to one Paschal, ■ who, in a few days thereafter, sold the same to one Searcy; who proves that, in the latter part of October, 1864, he took the same, with other stock, to Nashville, to sell; that he placed his stock in a livery stable in Nashville. While there, one morning he discovered a stranger leading the mule off, and asked him ciwhat he meant,” to which the stranger replied he was a United States Detective, and had “ ascertained the mule was a United States mule, and was taking it to the corral.” The mule’s shoulder had been shaved, and the stranger said he had found upon it a United States brand. The witness proves the mule had been branded, but he could not tell what the brand was— it resembled the letter “ W,” and some other letter on the left of the “ W;” that the mule was then taken to the corral, a place where Government stock was kept, and at which were a great many horses and mules branded U.- S.; that a great many Federal soldiers were there attending to the stock; that another man, who seemed to be actively engaged in business connected with the corral, and pretended to be an agent of the Government of the United States, and was writing in an office within a few feet of the corral, gave him a receipt for the mule, all of which was done in a public place, and in a public manner; but he did not know whether either the man who took the mule, or the man who gave him the re *466 ceipt, were either agents or soldiers of the United States, but supposed them to he such from their appearance and connection with the corral. Searcy took the receipt thus given to him to Paschal, from whom he had purchased the mule, when Paschal refunded to Searcy the price paid him by Searcy for the mule; Paschal, in turn, called upon Green, from whom he had purchased the mule, who also refunded the money which he had received from Paschal for the mule. The execution of the receipt, given to Searcy for the mule at the corral, having been proven, it was read to the jury in evidence, and is as follows:
“ Nashville, Tenn., Oct. 26, 1864.
“Taken from H. F. Searcy, for account of Oapt. 0. H. Harris, the following article: One bay mule mare, 14! hands high, — years old, branded U. S.
Signed: CiH. BeuneR,
“D. 0. Phillips.”
To the reading of this receipt, the defendant’s counsel objected; but the objections were overruled.
It is now insisted in argument, by counsel, for the plaintiff below, that this receipt was admissible, as part of the res gesten, and the question now is, can this position be maintained ? We think it cannot. The res gestae, in this case, is the transaction between the plaintiff and the defendant, in which the defendant gave the plaintiff a mule in exchange for a mare. The receipt is nothing more than the statement or declaration of the persons who signed it, reduced to writing and signed by them. Declarations and circumstances contemporaneous with the main fact, or the identical contract *467 that is in controversy, and so connected with it as to illustrate its character, are distinguished from hear-say, and are admitted as part of the res gestee, when they are thus connected with the principal fact under investigation, Olathe identical contract that is the matter in controversy. They constitute parts of the transaction, contract, or main fact; and it is upon this ground, alone, they are admitted as evidence. Now let us apply these facts, in this case, to the principle stated above. The receipt was executed long after the transaction or contract, which forms the matter in controversy in this suit. It has no connection, whatever, with the transaction under investigation, hut relates to a transaction wholly separate and distinct between other parties, who were total strangers to the transaction involved in this investigation. Then it is very clear, that, according to the principles laid down, the receipt forms no part of the res gestee in this case — is purely hear-say testimony, and is, therefore, inadmissible. It states the mule was branded U. S., and inasmuch as this fact was material, the judgment of the Circuit Court will be reversed, and the cause remanded.